960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin Len BULLOCK, Petitioner-Appellant,
v.
Ray TOOMBS, Respondent-Appellee.
 No. 91-2292.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Benjamin L. Bullock, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bullock was convicted by a jury of bank robbery. He was sentenced to a prison term of three to twenty years. He appealed his conviction, arguing that there was insufficient evidence to support a finding that he was sane at the time of the crime or that he was guilty of bank robbery. Next, he argued that he was denied a fair trial due to the judge's comments about the insanity defense during voir dire and the prosecutor's cross-examination of petitioner's expert witness as to other bank robbery charges pending against Bullock. The Michigan Court of Appeals affirmed his conviction and the Michigan Supreme Court denied leave to appeal.
 
 
 3
 Bullock filed a habeas petition raising the same grounds for relief which he raised at the time of his direct appeal. A magistrate judge recommended denying Bullock's petition. After de novo review in light of Bullock's objections, the district court adopted the recommendation of the magistrate judge and dismissed the petition.
 
 
 4
 On appeal, Bullock continues to argue the merits of his claims. He has filed motions for the appointment of counsel and requests a transcript at government expense. Both parties have filed briefs.
 
 
 5
 Upon review, we conclude that the judgment of the district court should be affirmed because Bullock was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 6
 After reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Bullock was sane at the time he committed the offense and was guilty of bank robbery. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985).
 
 
 7
 Bullock was not denied a fair trial because of the judge's comments during voir dire regarding the insanity defense. The judge gave a curative instruction after the defense objected to his comments and he was merely trying to determine if any juror had preconceived notions about the insanity defense.
 
 
 8
 Furthermore, Bullock was not denied a fair trial based on the prosecutor's questions to the defendant's expert witness about other pending bank robbery charges against Bullock. An issue concerning admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). On direct examination, Dr. Lynn had testified as to several bank robberies Bullock had allegedly committed in concluding he was legally insane. Bullock has failed to show that the admissibility of Dr. Lynn's testimony denied him a fundamentally fair trial.
 
 
 9
 In addition, absent cause and prejudice, review of this claim is barred because his attorney did not object to this line of questioning at trial and the Michigan Appeals court noted this default in considering Bullock's appeal. See Harris v. Reed, 489 U.S. 255, 260 (1989). No cause and prejudice has been shown and none is otherwise apparent from the record.
 
 
 10
 Accordingly, Bullock's motions for the appointment of counsel are denied along with his request for a transcript at government expense and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.